UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WOOTEN,

    Plaintiff,

v.

ANTUAN SPIGNER, et al,

    Defendants.
                             /

CASE NO. 2:11-CV-11479-DT
JUDGE AVERN COHN
MAGISTRATE JUDGE PAUL KOMIVES

### REPORT AND RECOMMENDATION ON DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS (docket #11)

I.     RECOMMENDATION: The Court should grant defendant City of Detroit's motion to dismiss.

II.     REPORT:

A.     *Procedural Background*

Plaintiff Eugene Wooten, currently a state prisoner, commenced this *pro se* civil rights action on April 8, 2011. Plaintiff's complaint names as defendants Detroit Police Officers Antuan Spigner and Brandon Shortridge, as well as the City of Detroit. Plaintiff alleges that in the early morning hours of July 9, 2009, he was traveling as a passenger in a vehicle which was stopped by defendants Spigner and Shortridge. He claims that defendants did not identify themselves as police officers, and approached with their guns drawn. As a result, he attempted to flee, at which time defendants shot at him. Plaintiff also alleges that defendants gave false statements, resulting in false charges being brought against him. He alleges that defendants' actions violated the Fourth and Fourteenth Amendments.

This matter is currently before the Court on defendant City of Detroit's motion to dismiss, filed on May 27, 2011. The City argues that plaintiff's complaint fails to state a claim for municipal liability against it, and that it is therefore entitled to dismissal. Plaintiff filed a response to the motion on June 24, 2011. For the reasons that follow, the Court should grant the City's motion to dismiss.

B.   *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*,

> at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).

C.  *Analysis*

The City contends that plaintiff's complaint fails to state a claim that the City violated his constitutional rights. The Court should agree.

It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a

3

plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

The Supreme Court has recently explained the standards for "personal involvement" when a plaintiff asserts a § 1983 claim against a municipality:

> A municipality or other local government may be liable under this section if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). But, under § 1983, local governments are responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S., at 665–683). They are not vicariously liable under § 1983 for their employees' actions. *See id.*, at 691; *Canton [v. Harris]*, 489 U.S. [378], at 392 [(1989)]; *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases).
> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S., at 691; *see id.*, at 694. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *See ibid.*; *Pembaur*, *supra*, at 480-481; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970). These are "action[s] for which the municipality is actually responsible." *Pembaur*, *supra*, at 479–480.
> In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's

4

>culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*"). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton*, 489 U.S., at 388. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.*, at 389.
>
>"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bryan Cty.*, 520 U.S., at 410. Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. *Id.*, at 407. The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." *Canton*, 489 U.S., at 395 (O'Connor, J., concurring in part and dissenting in part). A less stringent standard of fault for a failure-to-train claim "would result in de facto respondeat superior liability on municipalities . . . ." *Id.*, at 392; *see also Pembaur*, *supra*, at 483 (opinion of Brennan, J.) ("[M]unicipal liability under § 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials . . .").

*Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011) (parallel citations omitted).

Here, plaintiff's complaint fails to allege any facts which could show that the City, through some policy or custom, or through inadequate training, was itself deliberately indifferent to plaintiff's constitutional rights. With respect to the City, plaintiff's complaint alleges only:

>3. Defendant City of Detroit (hereinafter "Defendant City") is a governmental subdivision located in Wayne County, Michigan, and for all times pertinent here to had the overall control and supervision of operations of the City of Detroit Police Department.
>
>4. At all material times, Defendant City employed Defendants Antjuan [sic] Spigner, and Brandon Shortridge [and] is liable for their actions, Defendant City is also liable because of its policies, practices and customs, which lead to this complaint.

Compl., ¶¶ 3-4. These allegations allege nothing more than that the City is liable as the individual

5

defendants' employer, under a *respondeat superior* theory. Although plaintiff vaguely alleges that the City is liable because of its policies, practices, and customs, the complaint does not allege any specific policies, practices, or customs which amounted to deliberate indifference to or actually caused the alleged constitutional violations on the part of the individual defendants. Under *Twombly* and *Iqbal*, the complaint fails to allege sufficient facts to state a claim against the City that is plausible on its face. *See Plair v. City of New York*, ___ F. Supp. 2d ___, ___, 2011 WL 2150658, at *7-*8 (S.D.N.Y. May 31, 2011); ); *Hutchison v. Metropolitan Government of Nashville and Davidson County*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010)  *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009).  Indeed, plaintiff's complaint fails to satisfy even the pre-*Twombly* standard.  *See Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003); *Anthony v. Roberson*, 26 Fed. Appx. 419, 422 (6th Cir. 2001) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *Smith v. City of New York*, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss).  Accordingly, the City is entitled to dismissal of plaintiff's claims against it.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint does not contain sufficient factual allegations regarding the existence of a municipal policy or custom to state a claim against the City that is plausible on its face.  Accordingly, the Court should grant defendant City of Detroit's motion to dismiss.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 9/8/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 8, 2011.
>
> s/Eddrey Butts
> Case Manager