UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WOOTEN,

    Plaintiff,

v.                                            Case No. 11-11479

DETROIT POLICE OFFICERS ANTJWAN      HONORABLE AVERN COHN
SPIGNER and BRANDON SHORTRIDGE, and
the CITY OF DETROIT,

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 16)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 15)
AND
GRANTING THE CITY OF DETROIT'S MOTION TO DISMISS (Doc. 11)**

I.

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff, currently a state prisoner proceeding <u>pro se</u>, claims that defendants violated his constitutional rights under the Fourth and Fourteenth Amendments.  In the complaint, plaintiff alleges that in the early morning hours of July 9, 2009, he was a passenger in a vehicle which was stopped by the defendant police officers.  He alleges the officers did not identify themselves as officers and approached with their guns drawn.  Plaintiff further alleges that as a result, he attempted to flee and defendants shot at him.  He also alleges the officers gave false statements resulting in false charges against him.

The matter was referred to a magistrate judge for all pretrial proceedings. The City of Detroit filed a motion to dismiss. The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, plaintiff's objections will be overruled, the MJRR will be adopted, and the City of Detroit's motion will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Here, the magistrate judge recommends that the City of Detroit's motion to dismiss be granted because the complaint fails to allege a plausible § 1983 claim against the City. The Court agrees. As the magistrate judge pointed out, plaintiff's bare allegations that the City is responsible for the actions of the defendant police officers based on unidentified polices, practices, and customs is not sufficient to state a claim against the city under § 1983. Nothing in plaintiff's objections, in which he simply reasserts the allegations in the complaint, convince the Court otherwise.

Accordingly, plaintiff's objections are OVERRULED. The findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. The City of Detroit's motion to dismiss is GRANTED. The City of Detroit is DISMISSED as a party to this case.

SO ORDERED.


Dated: October 25, 2011         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Eugene Wooten 617307, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 and the attorneys of record on this date, October 25, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160