UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WOOTEN,

     Plaintiff,

v.                                                        Case No. 11-11479

DETROIT POLICE OFFICERS ANTJWAN            HONORABLE AVERN COHN
SPIGNER and BRANDON SHORTRIDGE,

     Defendants.

_____/

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

I.

     This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff, proceeding <u>pro se</u>, claims that defendants violated his constitutional rights under the Fourth and Fourteenth Amendments.  In the complaint, plaintiff alleges that in the early morning hours of July 9, 2009, he was a passenger in a vehicle which was stopped by the defendant police officers, who did not identify themselves as police officers.  Plaintiff alleges that defendants shot at him as he attempted to flee and gave false statements resulting in false charges against him.

     On August 14, 2013, the Court entered an order staying proceedings and administratively closing the case due to the City of Detroit's bankruptcy filing.  (Doc. 39). On January 8, 2015, the Court reopened the case because the City's bankruptcy was closed.  (Doc. 40).  The Court also entered an order of reference to a magistrate judge

for pretrial proceedings.  (Doc. 41).

A review of the docket sheet shows that both the order reopening the case and the order of reference to a magistrate judge were mailed to plaintiff at the last address provided, Lakeland Correctional Facility in Coldwater, Michigan.  Both orders were returned to the Court as undeliverable on February 4, 2015.  (Doc. 43).

It is plaintiff's responsibility to notify the Court of any change in address.  See Doc. 3.  Plaintiff has failed to do so.  Indeed, a search of Michigan's Offender Tracking System indicates that plaintiff was paroled in May of 2014.  Under these circumstances, the case will be dismissed for failure to prosecute, as explained below.

II.

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  See also E.D. Mich. LR 41.2.  "Neither the permissive language of [Rule 41(b) ]—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R. Co., 370 U.S. 626, 630 (1962); Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir.1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b) ] to enter a sua sponte order of dismissal.") (citing Link).

Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc., 173 F.3d 988, 991 (6th Cir. 1999), citing Carver v. Bunch, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ." Tetro, 173 F.3d at 992.

Here, plaintiff has not notified the Court of his change of address. Mail sent to him has been returned as undeliverable. In light of plaintiff being a former inmate proceeding pro se, dismissal without prejudice for failure to prosecute is appropriate.

III.

For the reasons stated above, this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

SO ORDERED.

 S/Avern Cohn                                    
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 18, 2015, by electronic and/or ordinary mail.

 S/Sakne Chami                        
Case Manager, (313) 234-5160